F I L E D
United States Court of Appeals
Tenth Circuit

OCT 29 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

M. DAMARIS RAWLINS-ROA,

Plaintiff-Appellant,

v.

THE UNITED WAY OF
WYANDOTTE COUNTY, a Kansas
corporation,

Defendant-Appellee.

No. 98-3027
(D.C. No. 96-CV-2486-GLR)
(D. Kan.)

ORDER AND JUDGMENT  *

Before **BALDOCK, EBEL,**  and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this civil appeal, plaintiff Ms. Rawlins-Roa, who is from the Dominican Republic, claims that the district court erred in overruling her <u>Batson</u> challenge to defendant's peremptory strike of Ms. Alice Meeks, the sole African-American prospective juror. Our jurisdiction arises under 28 U.S.C. § 1291.

In <u>Batson v. Kentucky</u>, 476 U.S. 79, 100 (1986), the Supreme Court prohibited prosecutorial use of peremptory challenges to exclude jurors in criminal cases solely on the basis of race. That rule is now also applied to civil cases. See <u>Edmonson v. Leesville Concrete Co.</u>, 500 U.S. 614, 616 (1991). "This court reviews a challenge to the improper striking of prospective jurors based on their race de novo, giving deference to the trial court's first-hand observation of the circumstances of each case." <u>United States v. Hartsfield</u>, 976 F.2d 1349, 1355-56 (10th Cir. 1992). This means that "[w]e review *de novo* whether the . . . explanation is facially race neutral," and then review for clear error the district court's ruling regarding the discriminatory intent of the striking party. <u>United States v. Sneed</u>, 34 F.3d 1570, 1580 (10th Cir. 1994).

Here, defendant gave two facially race-neutral explanations for striking Ms. Meeks. First, it stated that Ms. Meeks had an outstanding legal claim against her employer, which is a school district represented by defendant's counsel. Defendant expressed its concern that Ms. Meeks could receive correspondence from defendant's counsel regarding her claims during the trial. Second, it stated

that "she was a member of a jury that hung and we have some concern that we want to reach a conclusion with this case." Appellant's App. at 108. Although Ms. Rawlins-Roa argues that these explanations were pretextual because defendant did not strike another venire member who had a pending personal injury claim or one who had also previously served on a jury, we conclude that the specific circumstances were sufficiently distinguished to avoid a finding of pretext. The district court noted, for example, that Ms. Meeks was the only venire member whose pending legal claim was against her employer "entity." Id. at 109. Further, the jury on which the other venire member had served was able to reach a verdict.

Once a race-neutral reason is offered, "the trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal." Hernandez v. New York, 500 U.S. 352, 364 (1991). Based on the reasons given for the strike and the factual circumstances of this case, we hold that it was not clear error for the district court to overrule Ms. Rawlins-Roa's Batson challenge.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge